IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CODY MICHAEL DEGRAVE,

                                Plaintiff,                      OPINION AND ORDER

     v.                                                21-cv-256-wmc

STATE OF WISCONSIN D.O.C,
LINCOLN HILLS SCHOOL
FOR BOYS, and MS. SOMMERS,

                              Defendants.

*Pro se* plaintiff Cody Michael DeGrave brings this civil lawsuit alleging that a member of the Lincoln Hills School staff sexually assaulted him several times after he was sent there in 1999.  Since DeGrave is proceeding without prepayment of the filling fee, the next step is to screen DeGrave's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2).  Because DeGrave's claims appear to be barred by the applicable statute of limitations, the court will order him to show cause as to why his case should not be dismissed.

ALLEGATIONS OF FACT[1]

Publicly available records indicate that DeGrave was born in 1982.[2]  DeGrave alleges that he was convicted of a felony in 1999, when he would have been approximately 17 years old, and sent to the Lincoln Hills School for Boys in Irma, Wisconsin.[3]  There, he was housed in Dubois Cottage.  Over the next few months, a staff member named Ms. Sommers would allegedly approach DeGrave and ask him "about [his] sexuality" and other "inappropriate sexual questions."  (Dkt. #1 at 2.)  The complaint does not specify what Ms. Sommers's job was at Lincoln Hills, but DeGrave alleges that she would "pull [him] out of his cell after lockdown to talk to her in the office" where he had repeated unwanted sexual contact with her that he did not report out of fear of retaliation.  (Dkt. #1 at 3.)

DeGrave alleges that he was left "emotionally and mentally traumatized" by this experience, which has "negatively affected [his] entire life."  (Dkt. #1 at 3.)  He seeks compensatory and punitive damages.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] When DeGrave filed this lawsuit, he was incarcerated at the Brown County Jail in Green Bay, Wisconsin.  (Dkt. #1 at 1.)  DeGrave's page on the Brown County Jail's "Inmate Lookup" website states that his birth year is 1982.  *See* http://www.lookup.inmate.oms.jail.co.brown.wi.us:8081/IML.  Plaintiff can indication whether this information is correct in his response to this order, should he chose to file one.

[3] DeGrave does not indicate when he was released from Lincoln Hills, but a juvenile, under certain circumstances, can remain in custody until the age of 25.  Wis. Stat. § 938.355(4)(b) (providing that a dispositional order made before the juvenile turns 18 "shall apply . . . until the juvenile reaches 25 years of age, if the juvenile is adjudicated delinquent [for certain offenses].").

OPINION

Although the complaint does not specify a statutory or constitutional basis for this suit, the court assumes plaintiff means to proceed under 42 U.S.C. § 1983, which authorizes suits to vindicate federal statutory and constitutional rights against state and local government officials.  Plaintiff's allegations of sexual abuse are very serious and may state claims against Ms. Sommers.  But plaintiff has a timing problem:  the alleged abuse occurred about 22 years ago.

"A district court must dismiss a suit at screening if it is frivolous, see 28 U.S.C. § 1915(e)(2), and in doing so may rely on an affirmative defense that is apparent and unmistakable from the complaint's face." *Briggs-Muhammad v. SSM Healthcare Corp*., 567 F. App'x 464 (7th Cir. 2014) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002)).  Here, it is readily apparent from the complaint that the alleged offenses occurred or began occurring in 1999, which immediately prompts the court to consider the applicable statute of limitations.

Because § 1983 does not have a limitations period, federal courts adopt the forum state's applicable statute of limitations for personal injury claims.  *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).  Although Wisconsin's limitation period applies, federal law governs when plaintiff's claims accrued.  *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)).  A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'"  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal*., 522

3

U.S. 192, 201 (1997)).

None of the statutes of limitations that could apply to plaintiff's claims appear to allow him to bring this civil lawsuit over two decades after the alleged events occurred. To begin, Wis. Stat. § 893.53, which governs actions "for injury to character or other rights," set a six-year statute of limitations at the time the alleged abuse occurred. *See* Wis. Stat. § 893.53 (vers. eff. Jul. 1, 1980 to Apr. 4, 2018); *see also Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989) (Wisconsin's statute of limitations for violations of "general personal rights" was the most analogous to claims arising under 42 U.S.C. § 1983). Before February 26, 2010, Wis. Stat. § 893.57, governing actions to recover damages for intentional torts including assault, set a two-year statute of limitations. Here, plaintiff's sexual abuse claims appear to have accrued immediately after the assaults occurred in 1999. The two-year and six-year statute of limitations would therefore have begun to run approximately 22 years ago, expiring in 2001 and 2005 respectively. Even if the court assumed plaintiff had remained at Lincoln Hills until 2007, when he would have turned 25, and his claims accrued then, the three and six-year statutes of limitations would have expired in 2009 and 2013.

Nor does plaintiff's status as a minor when the alleged abuse occurred appear to extend the time to bring an action long enough for him to bring his claims now. *See* Wis. Stat. § 893.16(1) ("If a person entitled to bring an action is, at the time the cause of action accrues . . . under the age of 18 years . . . the action may be commenced within 2 years after [the person reaches 18.]"); *see also* Wis. Stat. § 893.587 (tolling the limitations period for claims of sexual assault involving a child until the plaintiff reaches the age of 35). As

4

noted, plaintiff was born in 1982.  It is not clear whether the alleged assaults that began in 1999 continued after plaintiff turned 18 in 2000, but even if they did not, plaintiff turned 20 in 2002, and 35 in 2017, before he filed this lawsuit.

To proceed, plaintiff will need to explain how his complaint is timely.  Unless he can show that any of the factual premises in this opinion regarding the timeline of events are incorrect, or that some other state statute of limitations applies and saves his claims, his only option appears to be equitable tolling, which is granted sparingly and in extraordinary circumstances.  "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim."  *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001).  Federal courts use the tolling rules of whichever jurisdiction supplies the statute of limitations, *id.* at 596, meaning Wisconsin's tolling rules apply here.  "Although Wisconsin case law on equitable tolling is relatively sparse, it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence."  *Henderson v. Jess*, 18-cv-680-jdp, 2021 WL 1080269, at *9 (March 19, 2021); *see, e.g., State ex rel. Asik v. Tegels*, 2020 WI App 31, ¶ 3, 392 Wis. 2d 382, 944 N.W.2d 361 (equitable tolling doctrines may apply if circumstances beyond the prisoner's control prevent timely filing);  *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is equitably tolled where counsel promises to file writ but fails to do so);  *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-

day deadline for petition for review tolled on date *pro se* prisoner delivers correctly addressed petition to proper prison authorities for mailing); *see also Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016) (equitable tolling did not apply to plaintiff alleging sexual abuse at Lincoln Hills 20 years before filing lawsuit).

Although plaintiff alleges that he feared retaliation while at Lincoln Hills[4], that does not account for the subsequent delay in filing this lawsuit after he was released. Moreover, courts have expressed skepticism towards fear of retaliation as basis for equitable tolling, at least when generally alleged. *E.g.*, *Rosenblum v. Yates*, No. 09-cv-3302, 2011 WL 590750, at *3 (E.D. Cal. Feb. 10, 2011) (plaintiff's "generalized allegation [of] fear of retaliation" was "insufficient to meet his high burden"); *Davis v. Jackson*, No. 15-cv-5359 (KMK), 2016 WL 5720811, at *8-12 (S.D.N.Y. Sept. 30, 2016) (although the specific facts alleged amounted to extraordinary circumstances meriting equitable tolling, "[g]eneralized allegations of fear of retaliation" would be insufficient); *Fox v. Lackawanna Cty.*, No. 3:16-cv-1511, 2017 WL 5007905, at *9 (M.D. Pa. Nov. 2, 2017) (even if a reasonable fear of retaliation in the prison context may, on occasion, justify equitable tolling, this principle

---

[4] Plaintiff also alleges that the alleged abuse left him "emotionally and mentally traumatized." (Dkt. #1 at 3.) To the extent plaintiff suggests he has suffered mental illness, that can, in some situations, warrant equitable tolling. *See, e.g.*, *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014) (mental incompetence can satisfy the standard for equitable tolling). But "mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Plaintiff would therefore have to explain specifically how any symptoms actually prevented him from bringing his claims, or so continuously and severely affected him that he was unable to make *any* effort to pursue his claims before now, and what has changed so that he can now bring his claims.

would not be applicable where a plaintiff had been released from prison years before his claims were filed).

Still, there may be more to the story, so the court will give plaintiff a chance to respond to this order, explaining whether equitable tolling applies to his case, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

ORDER

IT IS ORDERED that plaintiff Cody Michael DeGrave may have until December 9, 2021, to show cause as to why the court should not dismiss this case as time barred.

Entered this 18th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7